IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED
2008 APR -8 PM 12:28
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § A-04-CR-162(2)-LY |
| | § |
| SUYAPA GUZMAN-MAJANO | § |
| #39821-180 | § |

### ORDER

Before the Court are Defendant's Motion to Reduce Sentence and the Government's response thereto. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in 18 U.S.C. § 3582(c)(1); (2) under Rule 35 of the Federal Rules of Criminal Procedure (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See 18 U.S.C. § 3582(c).

On May 1, 2007, the Sentencing Commission submitted to Congress an amendment to the Federal sentencing guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. See Amendment 706 in Appendix C to the Guidelines Manual. The amendment adjusts downward by two levels the base offense level assigned to each threshold

quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment became effective November 1, 2007, and applies to defendants sentenced on or after that date.

Under 28 U.S.C. § 994(u), the Commission is authorized to determine whether a guideline amendment that reduces a sentencing range may be applied retroactively to offenders who were sentenced under prior versions of the <u>Guidelines Manual</u> and who are incarcerated. The Sentencing Commission voted on December 11, 2007, to add the crack cocaine amendment to the list of amendments in §1B1.10 that may be applied retroactively. The effective date of the amendment to §1B1.10 is March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment are authorized.

On November 22, 2004, the Court sentenced Defendant Suyapa Guzman-Majano to 108 months imprisonment for violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(iii), and 21 U.S.C. § 846, Conspiracy to Possess a Controlled Substance with Intent to Distribute. At the time of sentencing, the guideline range in this case was 108 to 135 months. After the amendments to the guidelines, the guideline range in this case is 87 to 108 months. Pursuant to USSG § 1B1.10 and Application Note 3 to that guideline, a sentence of 87 months is now appropriate.

IT IS ORDERED, ADJUDGED, and DECREED that the Motion to Reduce Sentence, filed by Defendant on March 28, 2008, is GRANTED, and the sentence pronounced on November 22, 2004, and reduced to writing on December 2, 2004, wherein Defendant Suyapa Guzman-Majano was sentenced to 108 months of incarceration in the custody of the United States Bureau of Prisons is

changed to 87 months. If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a time-served sentence.

IT IS FINALLY ORDERED that all other recitals in the judgment of sentencing in the above-captioned matter relating to Defendant Suyapa Guzman-Majano remain with full force and effect.

SIGNED this __8th__ day of April, 2008.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE